upon the use of a passport or visa in the commission of a felony offense pursuant to U.S.S.G. § 2L2.2(c)(1)(Nov.2003). Riva's plea agreement provided for a waiver of the right to appeal any sentence except for an upward departure from the guideline range. During the plea hearing, Riva stated that he understood the appeal waiver provision contained in his plea agreement. *See United States v. Melancon*, 972 F.2d 566, 567 (5th Cir.1992). Because Riva entered a voluntary plea agreement containing a waiver provision and because the district court imposed a sentence within the relevant guideline range, Riva's challenge to his sentence is waived on appeal. *See United States v. McKinney*, 406 F.3d 744 (5th Cir.2005).

Accordingly, the judgment and sentence of the district court are AFFIRMED.

Stephen J. Caire, Law Office of Stephen J. Caire, Metairie, LA, for Defendants–Appellants.

Before KING, Chief Judge, and DAVIS, Circuit Judge, and ROSENTHAL,* District Judge.

PER CURIAM: **

The judgment of the district court is affirmed for essentially the reasons set out in the Oral Reasons for Judgment filed April 26, 2004.

AFFIRMED.

**UNITED STATES of America, for the Use and Benefit of Boes Iron Works, Inc., Plaintiff–Appellee**

v.

**Pete VICARI General Contractor Inc; Mid–Continent Casualty CO, Defendants–Appellants.**

No. 04–30725.

United States Court of Appeals, Fifth Circuit.

Decided July 6, 2005.

Wayne Joseph Jablonowski, Slidell, LA, for Plaintiff–Appellee.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Nakia BARNES, also known as 2–2, Defendant-Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Charles R. Nation, also known as Andre, Defendant–Appellant.**

---

* District Judge of the Southern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.